UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

STEPHEN E. ZECHER,                    Chapter 13
                                      Case No. 06-12151-WCH
    Debtor

MEMORANDUM OF DECISION REGARDING TRUSTEE'S OBJECTION TO
DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

I. Introduction

    The matter before the Court is the Trustee's Objection to the Debtor's Claim of Homestead Exemption (the "Objection") in which the Chapter 13 trustee (the "Trustee") contends that the homestead which Stephen E. Zecher (the "Debtor") claimed must be limited to $125,000 because the Debtor's acquired an interest in his residence within 1215 days of the bankruptcy filing. The Debtor responded that he should not be subject to the cap as he acquired no new interest when he transferred his property from his limited liability partnership to himself because he was the only partner. For the reasons set forth below, I will enter an order sustaining the Objection.

II. Background

    The Debtor did not file a response to the Objection and at the hearing did not dispute the Chapter 13 trustee's (the "Trustee") recitation of the facts. In the Objection, the Trustee explained that when the Debtor filed for relief he claimed a homestead exemption under Mass.

1

Gen. Laws ch. 188 in his residence located at 42 Fayette St. in Cambridge, Massachusetts (the "Property").[1] The Trustee further proffered evidence that the Property has been transferred several times in the last several years. Specifically, the 42 Fayette Street Realty Trust (the "Trust") transferred the Property to the Debtor on May 7, 1998. On February 13, 2004, the Debtor transferred the Property to Faye Ed Family Limited Partnership (the "LLP"). On October 21, 2004, the LLP transferred the Property to the Debtor. That deed was recorded in November 2004. Also on October 21, 2004, the Debtor transferred the Property to the LLP. That deed was recorded in November 2004. After a Chapter 13 case which the Debtor filed earlier in 2006 was dismissed, the LLP transferred the Property to the Debtor and thereafter, the Debtor filed a Declaration of Homestead. The Debtor has not provided the Trustee with the latest copy of this deed and did not provide the Court with any documentation regarding the LLP.

At the hearing, the Trustee argued that she had established that the homestead should be capped. The Debtor explained that he has been the sole owner of the Property for many years. He offered that he transferred the Property to the LLP for refinancings and then would transfer the Property back to himself. He stated that there are no other partners of the LLP and that he potentially held a claim under a constructive trust. I took the matter under advisement.

III. Analysis

The Trustee seeks to limit the Debtor's exemption pursuant to 11 U.S.C. § 522(p). That section prohibits a debtor from exempting "any amount of interest that was acquired by the debtor during the 1215-day period preceding" the petition date that exceeds $125,000 in value in

---

[1] Schedule A of the Debtor's petition reflects that the Debtor's interest in the Property is valued at $1,250,000 and is subject to liens totaling $760,000.

2

a homestead. 11 U.S.C. § 522(p)(1)(D).

Fed. R. Bankr. P. 4003(c) provides that the objecting party has the burden of proof with respect to establishing that the exemptions are not properly claimed. Furthermore, "[i]f the objecting party can produce evidence to rebut the exemption, the burden of production then shifts to the debtor to come forward with unequivocal evidence to demonstrate that the exemption is proper . . . The burden of persuasion, however, always remains with the objecting party." *Carter v. Anderson,* 182 F.3d 1027, 1029 n. 3(9th Cir. 1999) (citations omitted). *See also, McNeilly v. Geremia (In re McNeilly),* 249 B.R. 579 n.9 (B.A.P. 1st Cir. 2000).

In this case, the Trustee has established, and the Debtor agrees, that the Debtor acquired an interest in the Property within 1215 days and that the value of the Property minus the liens exceeds $125,000. The Debtor does not dispute that the entity which transferred the Property was a limited liability partnership.

Under the general laws of the Commonwealth, a partnership may become a limited liability partnership by filing a registration and paying a fee. Mass. Gen. Laws ch. 108A, § 45.[2] It is this distinct legal entity that held title to the Property. The Debtor's interest at the time was a share in the LLP, not a share in the Property. It is akin to the debtor in *In re Bowers,* 222 B.R. 191 (Bankr. D. Mass. 1998) (sustaining exemption objection as debtor held interest in trust, not in res) and distinguishable from a beneficiary of a nominee trust or a beneficiary of a trust whose interests have merged. *In re Szwyd,* 346 B.R. 290 (Bankr. D. Mass. 2006). When the LLP held

---

[2] The Debtor's statement that he was the only individual with an interest in the LLP is curious given that a limited liability partnership is a registered partnership and a partnership is "an association of two or more persons to carry on as co-owners a business for profit . . . " Mass Gen. Laws ch. 108A § 6.

3

the Property, it was just that. The Debtor was not the title holder but acquired that interest upon the transfer.

The Debtor also alluded to a constructive trust. Presumably, he was attempting to argue that when the LLP held title to the Property, the Debtor would have held a claim based upon a constructive trust theory. In Massachusetts, a constructive trust is not a cause of action but a remedy which is available " in order to avoid the unjust enrichment of one party at the expense of the other where the legal title to the property was obtained by fraud or in violation of a fiduciary relation . . . " *Barry v. Covich*, 332 Mass. 338, 342 (1955). The Debtor made no representations regarding fraud or unjust enrichment and the Court is dubious that such a remedy is available given that the Debtor asserted that the transfers to and from the LLP were to facilitate financing.[3] I conclude that the Trustee has met his burden and the Debtor has failed to meet his.

V. Conclusion

For the foregoing reasons, I will enter an order sustaining the Objection and capping the Debtor's homestead exemption at $125,000.

William C. Hillman
U.S. Bankruptcy Judge
12/6/06

---

[3]Likewise, the Court is dubious that the Debtor could have prevailed if he had made an argument regarding a resulting trust. *See, e.g., Crowley v. Remillard,* 65 Mass. App.Ct. 1107, 838 N.E.2d 622 (2005) (explaining resulting trust arises when one buys property but it is held in another's name but that "there can be no resulting trust here, where the conveyance was gratuitous and included negligible consideration.").

4